1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

9
10
11
12
13
14
15

| | |
|---|---|
| MCDONOGH INDUSTRIES, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT BUSINESS SERVICES, INC.,<br><br>Defendant. | No. 3:25-cv-5258<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

16
17
18
19
20
21
22
23
24
25
26

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiff McDonogh Industries, Inc. ("McDonogh"), individually and on behalf of all others similarly situated, brings this Class Action Complaint ("Complaint") against Defendant Barrett Business Services, Inc. ("BBSI"). Plaintiff alleges the following on personal knowledge, investigation of counsel, and information and belief:

## I. PARTIES

1. Plaintiff McDonogh is a Maryland corporation with its principal place of business in Millersville, Maryland. At all relevant times herein, McDonogh was a small business that hired Defendant to perform payroll administration, payroll taxes, and other professional employer services for McDonogh.

2. Defendant BBSI is a Maryland corporation with its principal place of business in Vancouver, Washington. At all relevant times herein, BBSI provided professional employer services, including employment administration services and employee tax services, for small and mid-sized companies.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because there are least 100 class members, there is minimal diversity, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because its headquarters and principal place of business are in the state of Washington.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant transacts substantial business in the state of Washington, including in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

COMPLAINT - 1

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III.    COMMON FACTUAL ALLEGATIONS

**A.    BBSI's Provision of Payroll and Tax Services**

6. BBSI is a professional employer organization ("PEO") based in Washington that provides business management services, including payroll administration and payroll tax services, for businesses across the country, focusing primarily on small and medium-sized businesses.

7. Among other services, BBSI provides payroll and tax administration services, which include withholding, reporting, and remitting federal and state employment taxes on behalf of its clients. Upon information and belief, BBSI also undertakes responsibility for ensuring its clients, including Plaintiff and the other Class members, secure any employment tax benefits or deductions to which they are entitled.

8. When BBSI provides payroll and tax administration services, clients report to BBSI the wages owed to their employees. After that, BBSI determines the federal and state employment taxes believed to be owed for each client employee and requests that the client remit the wages and tax funds to BBSI via an "invoice." BBSI then generates the paychecks for the client's employees and is required to deposit the associated employment taxes with the Internal Revenue Service (IRS). Notably, while BBSI is listed on its clients' employees' W-2s, it is not the employer of clients' employees. Instead, it only performs administrative and support services for its clients.

9. In addition to handling regular payroll, BBSI—either directly or via accounting firms—also completes quarterly employment tax reports to the IRS via Form 941. BBSI completes a single, aggregate Form 941 encompassing reporting for all clients, which are identified on an attached Schedule R.

10. To the extent employment taxes were overpaid, BBSI, at its clients' direction, elects whether to apply that overpayment as a credit to the next quarter or to request a refund of the overpaid employment taxes. At all relevant times, upon information and belief, most of BBSI's clients requested refunds of the employment tax overpayments instead of credits.

COMPLAINT - 2

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

11. Critically, overpaid employment taxes that are to be refunded accrue compounded interest at the federal short-term rate plus two to three percentage points, depending on the nature of the taxpayer. *See* 26 U.S.C. §§ 6611, 6621(a)(1). And if clients request a refund of overpaid employment taxes, upon receiving the refund, BBSI is supposed to remit that refund—*including the interest accrued thereon*—to their clients, considering the clients paid the employment taxes and the refund and interest are the clients' property.

12. However, if clients request a credit instead of a refund, the clients are entitled to a benefit in the form of reduced future federal tax deposits for payroll, as those payroll taxes can be taken from the credit instead of being paid directly by the employer. If the refund is in the form of a credit, BBSI should not require or ask clients to remit some or all federal employment taxes in the following quarter because BBSI controls the credit.

**B.     COVID-19 and the Employee Retention Credit**

13. In 2020, in response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security ("CARES Act"), Pub. L. No. 116–136 (2020) to help the economy, individuals, and employers. The CARES Act was then extended and modified by the Consolidated Appropriations Act, 2021, Pub. L. No. 116–260 (2020).

14. Among several other relief programs, the CARES Act initiated the Employee Retention Credit (ERC) for qualifying employers. As amended, the ERC uses payroll tax credits or deferrals to provide benefits to small businesses impacted by the pandemic. It provides a refundable tax credit which is computed as a percentage of qualified wages paid during certain periods of eligibility where the employer continued to pay employees during shutdowns or during times when the employer had significant declines in gross receipts from March 13, 2020, to December 31, 2021.

15. Notably, when clients and former clients of a PEO seek benefits under the ERC, their associated tax forms must be administratively filed through their PEO.

COMPLAINT - 3

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

16. Nevertheless, as the lawful employers of their employees that are otherwise eligible to receive the ERC, Plaintiff, the putative Class members, and other businesses using PEOs are the true owners of any ERC benefits paid out by the IRS, as well as any interest accruing on delays in refunding the ERC benefits (i.e., the overpaid employment taxes), regardless of whether the PEOs, such as BBSI, file for or receive the ERC benefits. *See* 26 U.S.C. §§ 6611, 6621(a)(1).

17. At all relevant times, parties filing for ERC benefits, as well as the election of credit to future quarters or refund, did so through IRS Form 941. Therefore, BBSI was responsible for determining and/or verifying the amount of the ERC benefits for its clients, informing the IRS as to whether a credit or refund would be requested, and then remitting the benefit of the credit or refund—as well as any interest accrued thereon—to its clients as intended by the CARES Act. This is because BBSI's clients are the entities that continued to pay their employees during the pandemic.

18. At all relevant times, while the ERC was in effect, BBSI marked ERC proceeds to be refunded on behalf of its clients and refunded the credit to its clients. But it nevertheless failed to remit the interest paid out by the IRS that accrued on the ERC benefits to its clients, including Plaintiff. Instead, upon information and belief, BBSI retained possession and use of the interest the IRS paid out on the ERC refunds for its own use and benefit at the expense of BBSI's clients.

19. As a direct and proximate result of BBSI's conduct, Plaintiff and the other members of the Class incurred actual damages in an amount to be established trial.

### IV. FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

20. Plaintiff McDonogh is a small business in Maryland that provides maintenance services to customers in its community.

21. Upon information and belief, sometime around 2004, McDonogh hired BBSI to provide payroll administration and payroll tax services in exchange for payment. Under the

COMPLAINT - 4

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

parties' business relationship, BBSI would withhold and collect all federal and state employment taxes from McDonogh employees' paychecks.

22. At all times relevant herein, since 2004, BBSI has reported the taxes BBSI withheld on McDonogh's behalf on a quarterly basis using an aggregate IRS Form 941 submitted by BBSI.

23. However, after continuing to pay its employees and keep its business alive during the pandemic, McDonogh made a claim under the ERC, pursuant to the payments made to its employees, for the first quarter of 2021. BBSI submitted this ERC claim to the IRS on McDonogh's behalf. Notably, McDonogh requested that any ERC payments be transmitted to it in the form of a refund instead of a credit.

24. Under the ERC, for the first quarter of 2021, McDonogh was entitled to a credit in the amount of $10,891.00, plus the interest accruing on the overpayment. Upon information belief, the IRS paid BBSI both the amount of this credit and the interest accrued on it.

25. However, on December 5, 2022, BBSI remitted McDonogh a credit of $10,346.45, withholding a processing fee of $544.55. But BBSI did not include any interest payment or remit any interest to McDonogh. Upon information and belief, BBSI received and should have remitted to Plaintiff approximately $683.57 in interest from the IRS.

26. McDonogh also made a claim under the ERC, pursuant to the payments made to its employees, for the second quarter of 2021. BBSI submitted this ERC claim to the IRS on McDonogh's behalf.

27. Under the ERC, for the second quarter of 2021, McDonogh was entitled to a credit in the amount of $10,899.00, plus the interest accruing on the overpayment. Upon information belief, the IRS paid BBSI both the amount of this credit and the interest accrued on it.

28. However, on December 9, 2022, BBSI remitted a credit of $10,354.05, withholding a processing fee of $544.55. But BBSI did not include any interest payment or remit

COMPLAINT - 5

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

any interest to McDonogh. Upon information and belief, BBSI received and should have remitted to Plaintiff approximately $604.38 in interest from the IRS.

29. McDonogh also made a claim under the ERC, pursuant to the payments made to its employees, for the third quarter of 2021. BBSI submitted this ERC claim to the IRS on McDonogh's behalf.

30. Under the ERC, for the third quarter of 2021, McDonogh was entitled to a credit in the amount of $16,741.00, plus the interest accruing on the overpayment. Upon information belief, the IRS paid BBSI both the amount of this credit and the interest accrued on it.

31. However, on January 11, 2023, BBSI remitted a credit of $15,903.95, withholding a processing fee of $837.05. But BBSI did not include any interest payment or remit any interest to McDonogh. Upon information and belief, BBSI received and should have remitted to Plaintiff approximately $895.92 in interest from the IRS.

32. From the first quarter of 2021 to the present, McDonogh was never informed that BBSI had received any interest payments from the IRS. On information and belief, BBSI withheld information regarding the interest payments it had received from the IRS for the credits that were McDonogh's property.

33. As a direct and proximate result of BBSI's actions, McDonogh has suffered informational injury and economic damages.

34. Upon information and belief, BBSI's conduct regarding McDonogh and the interest paid by the IRS on McDonogh's ERC refunds is part of BBSI's larger, general business practices that are common to all Class members.

## V. ESTOPPEL/TOLLING

35. Because of the nature of its relationship with McDonogh and the members of the Class, BBSI is and at all relevant times was under a continuous duty to disclose to Plaintiff and other Class members the nature and intent of its transactions and to provide its services in good faith.

COMPLAINT - 6

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

36. BBSI misled Plaintiff and the Class members, withheld material information, actively concealed and/or failed to disclose material facts, and/or actively concealed its conduct, which deprived Plaintiff and the other Class members of substantial interest on tax refunds, as explained herein.

37. At all relevant times herein, Defendant knew its clients, such as Plaintiff and the other Class members, were entitled to the interest paid out by the IRS on their ERC credits. But Defendant nonetheless kept this interest for itself and withheld the existence of the interest payment and Defendant's retention of it from Plaintiff and the putative Class members.

38. Based on the foregoing, BBSI is estopped from relying on any statutes of limitation, and any applicable statutes of limitation have been tolled.

## VI.   CLASS ALLEGATIONS

39. Plaintiff brings this action both individually and as a class action, under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of themselves and the following Class:

> For the period of January 1, 2020, to present, all current and former individuals and entities that have used Defendant to file for and/or claim ERC benefits and received at least one ERC benefit refund check but were not remitted the interest paid by the IRS thereon.

40. The proposed Class is readily ascertainable because it is defined using objective criteria, allowing class members to determine if they are part of the Class. Further, the members can be readily identified through Defendant's records and information in Defendant's possession, custody, or control. For example, upon information and belief, Defendant maintains records for each of its clients, including records of ERC filings and payments.

41. Plaintiff's claims are typical of those of the Class. Plaintiff and the Class members were damaged in the same way by the same conduct of the same Defendant.

42. Plaintiff will adequately protect and represent the interests of the proposed Class members. Plaintiff's interests are aligned with, and not antagonistic to, those of the Class members.

COMPLAINT - 7

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

43. Plaintiff is represented by attorneys who are experienced and competent in the prosecution of complex class action litigation.

44. Questions of law and fact common to the Class include, but are not limited to, the following:

    a. Whether Defendant processed ERC claims for the Class members via Forms 941;

    b. Whether Defendant received Class members' ERC funds from the IRS in the form of refunds pursuant to submitted Forms 941;

    c. Whether Defendant received any interest from the IRS on refunds pursuant to submitted Forms 941;

    d. Whether Defendant had a policy or practice to withhold information from clients regarding interest payments received from the IRS;

    e. Whether such withholding of information constituted providing false or misleading information concerning the existence of interest payments under the Washington Consumer Protection Act;

    f. Whether Defendant remitted refunds and/or interest obtained from the IRS to Class members on receipt;

    g. Whether Defendant intentionally, knowingly, recklessly or negligently failed to remit interest payments to the Class members;

    h. Whether Defendant wrongfully exerted control or dominion, to the exclusion of Class members, over interest on their ERC credits;

    i. Whether Defendant's conduct, policies, and business practices relating to interest obtained from the IRS had a capacity to deceive a substantial portion of the public;

    j. Whether Defendant's conduct alleged herein violated Washington's Consumer Protection Act; and,

    k. Whether Class members are entitled to damages, restitution, equitable relief, and/or other relief.

45. The above-identified common questions predominate over questions, if any, that may affect only individual Class members.

COMPLAINT - 8

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

46. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant.

47. Although the exact number of Class members is uncertain, the number of putative Class members is greater than 100 such that joinder is impracticable. Upon information and belief, Defendant has filed ERC claims on behalf of hundreds of clients or more during the relevant period.

48. Class action treatment is a superior method for the fair and efficient adjudication of this controversy because class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the necessary duplication of evidence, effort, and expense that numerous individual actions would require.

49. A class action is appropriate under Fed. R. Civ. P.23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members and a class action is superior to any other available means for fairly and efficiently adjudicating the controversy. Trying this case on a class basis will be manageable. Plaintiff knows of no special difficulty that will be encountered in maintaining the action that would preclude maintaining it as a class action.

50. Fed. R. Civ. P. 23(b)(2)'s elements are also met. Absent injunctive relief, Defendant will continue to commit the violations and engage in the conduct alleged herein. Defendant has acted on grounds that apply generally to members of the Class so that preliminary and/or final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

**COUNT ONE — VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT, WASH. REV. CODE ANN. § 19.86.010 ET SEQ.**

COMPLAINT - 9

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

51. Plaintiff and the members of the putative Class re-allege and incorporate by reference paragraphs 1 to 50 as if fully set forth herein.

52. Washington's Consumer Protection Act ("CPA") prohibits the use of "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code Ann. § 19.86.020.

53. Plaintiff and the members of the putative Class are "persons" under Washington's CPA.

54. At all relevant times herein, Defendant engaged in "trade" or "commerce" within the meaning of Washington's CPA.

55. As set forth herein, Defendant has engaged in unfair and/or deceptive trade practices by:

56. Withholding, concealing, and/or failing to disclose material information in communications with Plaintiff and the putative Class members, including their entitlement to interest paid out by the IRS on their ERC refunds; and

57. Failing to remit and keeping for its own benefit the interest payments the IRS paid out on Plaintiff's and the putative Class members' ERC refunds when it knew the interest payments were Plaintiff's and the Class members' rightful property.

58. At all relevant times, Defendant knew the information about the amount of ERC-related payments that their clients received from the IRS that they communicated to their clients was false, misleading, and/or deceptive.

59. Defendant's general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

60. Defendant's conduct, policies, and business practices alleged herein had and/or has the capacity to deceive a substantial portion of the public.

COMPLAINT - 10

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

61. Defendant's unfair and deceptive business practices set forth herein had and/or have the capacity to injure a substantial number of Washington persons and businesses

62. Defendant's unfair and deceptive business practices set forth herein are not outweighed by any countervailing benefits to consumers or competitors, and the harm caused by Defendant's conduct was not reasonably avoidable by affected persons, including Plaintiff and the putative Class members.

63. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff and the putative Class members were injured in the form of suffering informational injury as well as economic damages in an amount to be determined at trial.

64. Due to Defendant's conduct, Plaintiff and the putative Class members seek an order awarding them actual damages, attorneys' fees, and costs and such other orders and judgments that may be necessary. In addition, they request this Court use its discretion to increase the damages award for each putative Class member by three times the actual damages sustained not to exceed $25,000 per member. *See* Wash. Rev. Code Ann. § 19.86.090.

**WHEREFORE**, Plaintiff, on its own behalf and on behalf of the members of the Class, demands judgment against BBSI for:

1. actual damages;

2. an injunction prohibiting Defendant from withholding information regarding retained interest and from retaining interest paid out by the IRS;

3. pre-judgment and post-judgment interest;

4. the costs of suit, including attorneys' fees;

5. treble damages under Wash. Rev. Code Ann. § 19.86.090 and other relief available under Washington's CPA; and,

6. any and all other relief which the Court deems just and proper.

**FURTHER WHEREFORE**, Plaintiff respectfully demands a trial by jury on all counts so triable.

COMPLAINT - 11

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Dated: March 25, 2025.                    Respectfully submitted,

**ROGERS PATRICK, WESTBROOK & BRICKMAN, LLC**

By *s/ James C. Bradley*
By *s/ Nina Fields Britt*
By *s/ Caleb M. Hodge*

James C. Bradley (Pro Hac Vice forthcoming)
Nina Fields Britt (Pro Hac Vice forthcoming)
Caleb M. Hodge (Pro Hac Vice forthcoming)
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
Telephone: (843) 727-6500
jbradley@rpwb.com
nfields@rpwb.com
chodge@rpwb.com

**BAILEY JAVINS & CARTER, LC**

By *s/ Timothy C. Bailey*

Timothy C. Bailey (Pro Hac Vice forthcoming)
213 Hale Street
Charleston, West Virginia 25301
Telephone: (304) 345-0346
tbailey@bjc4u.com

**KELLER ROHRBACK L.L.P.**

By *s/ Laura R. Gerber*
By *s/ Michael D. Woerner*
By *s/ Andrew N. Lindsay*
Laura R. Gerber, WSBA No. 34981
Michael D. Woerner, WSBA No. 15452
Andrew N. Lindsay, WSBA No. 60386
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 623-1900
lgberber@kellerrohrback.com
mwoerner@kellerrohrback.com
alindsay@kellerrohrback.com

*Attorneys for Plaintiff McDonogh Industries, Inc. and the Putative Class*

COMPLAINT - 12

**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A (29464)
Post Office Box 1007
Mount Pleasant, SC 29465
TELEPHONE: (843) 727-6500

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384